## COMMONWEALTH vs. LAMAR S. JOHNSON.

Suffolk. April 10, 1997. - July 28, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Homicide. Assault and Battery by Means of a Dangerous Weapon. Joint Enterprise. Practice, Criminal,* Argument by prosecutor, Instructions to jury, Assistance of counsel, New trial, Capital case. *Intoxication.*

Evidence at a murder trial warranted the jury's conclusion that the defendant was guilty beyond a reasonable doubt, as a joint venturer, of murder in the first degree by reason of extreme atrocity or cruelty and assault and battery by means of a dangerous weapon. [610-611]

There was no basis in the prosecutor's closing argument in a murder case for granting the defendant a new trial. [611-612]

At a murder trial, there was no basis in the judge's instruction on voluntary consumption of alcohol for granting the defendant a new trial. [612-613]

There was no merit to a defendant's contention that his trial counsel was ineffective, where any actions counsel allegedly failed to take would have been futile or nugatory. [613-614]

A Superior Court judge properly declined to conduct an evidentiary hearing on the defendant's motion for new trial, where the affidavits filed by the defendant to support the motion raised no substantial issue that called for an evidentiary hearing. [614]

No reason appeared on the record of a murder trial for this court to set aside or alter the verdict in an exercise of its power under G. L. c. 278, § 33E. [614]

INDICTMENTS found and returned in the Superior Court Department on April 30, 1992.

The cases were tried before *Robert A. Mulligan,* J., and a motion for a new trial was heard by him.

*John H. Cunha, Jr. (Alan D. Campbell* with him) for the defendant.

*Mark D. Zanini,* Assistant District Attorney, for the Commonwealth.

GREANEY, J. The defendant was convicted as a joint venturer of murder in the first degree by reason of extreme atrocity or cruelty and assault and battery by means of a dangerous

weapon.[1] He is one of several defendants in what has become known as the "Tasty Chicken" murder because the killing occurred on April 22, 1992, in a take-out restaurant with that name located in the Dorchester section of Boston. We have affirmed the murder convictions of four of the defendants involved in the killing in *Commonwealth* v. *Semedo*, 422 Mass. 716 (1996) (Dirceu Semedo), and in *Commonwealth* v. *Barros, ante* 572 (1997) (Adriano Barros, Aristides Duarte, and James Villaroel). The defendant was tried jointly with the latter three defendants, but his appeal was severed because he had a motion for a new trial or reduction in the verdict pending before the trial judge. The defendant's posttrial motion has been denied. We now consider arguments made by the defendant's appellate counsel (who was not his trial counsel) that there was error at the trial and in the denial of his posttrial motion. We discern no basis to set aside the defendant's convictions or the order denying his posttrial motion. We also see no basis for granting the defendant relief pursuant to G. L. c. 278, § 33E.

1. *Required findings of not guilty.* The defendant suggests that he was entitled to required findings of not guilty on the charges, but he has not presented any argument that addresses the issue in terms of the sufficiency of the Commonwealth's evidence.[2] We have nonetheless examined the issue based on the defendant's suggestion and our obligation under G. L. c. 278, § 33E. We are satisfied that the Commonwealth's evidence, considered under the governing standard, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), was adequate to warrant the defendant's convictions, as a joint venturer, of murder

---

[1]The defendant was given the mandatory life sentence on the first degree murder conviction and a concurrent term of from three to five years on his conviction of assault and battery by means of a dangerous weapon. It would appear that the defendant has served his sentence on the latter conviction. We assume that the assault and battery by means of a dangerous weapon conviction is before us. The defendant does not suggest in his brief that, if we affirm his conviction of murder in the first degree, we nevertheless should reverse his conviction of assault and battery by means of a dangerous weapon.

[2]The defendant argues in his brief that the motion for required finding of not guilty should have been allowed because of comments made by the prosecutor in his closing argument and because of perceived errors in the judge's instructions to the jury. In the portion of his brief that alludes to the motion for required finding, he also argues that he is entitled to a reduction of the murder verdict to manslaughter or to a new trial. There is no focussed argument concerning the sufficiency of the Commonwealth's evidence to warrant his convictions.

in the first degree by reason of extreme atrocity or cruelty and assault and battery by means of a dangerous weapon.

The jury could have found that the defendant joined with the group of men who stormed inside the Tasty Chicken restaurant in response to a shout by a codefendant, James Villaroel — "Let's shut him down" — and participated with the group in the fatal attack on the victim, Charleston Sarjeant. Specifically, the jury could have reasonably found that the defendant kicked, punched, and pulled on Sarjeant for several minutes; ignored the pleas of Sarjeant and his wife; observed Villaroel produce a knife and saw Villaroel stab Sarjeant several times with the knife; continued with the attack while Sarjeant was being stabbed; kicked Sarjeant in the face while he lay on the floor dying; and finally fled the restaurant as the last attacker to leave. Based on all the evidence and reasonable inferences, the jurors were warranted in concluding that the defendant was an active participant throughout the entire attack on Sarjeant, that he possessed the requisite knowledge and shared a malicious intent with the other joint venturers, and that the attack caused Sarjeant's death.[3] See *Commonwealth* v. *Semedo*, *supra* at 718-722. The defendant's motion for a required finding of not guilty was correctly denied.

2. *The prosecutor's closing argument.* The defendant argues that "[t]he government violated [his] right to a fair trial when, during its closing argument, it misstated the evidence, encouraged jurors to 'imagine' themselves in the victim's place, argued that the victim was 'every man' and 'could have been anybody,' and argued that [he had] violated the victim's 'right to life.' " The defendant also maintains that he was prejudiced when, dur-

---

[3]The defendant argues that, because the medical examiner testified that he could not conclusively establish that any kicks administered by the defendant were the direct cause of Sarjeant's death, the defendant could not have been found guilty of first degree murder by extreme atrocity or cruelty. There is no merit to this argument. The Commonwealth proceeded against the defendant both as a principal and under a theory of joint venture. There was ample evidence to convict the defendant under either theory. See *Commonwealth* v. *Plunkett*, 422 Mass. 634, 635, 639 (1996). The medical examiner testified that the autopsy report indicated that Sarjeant died as a result of "multiple stab wounds with blunt trauma injury"; the jury could have found that the kicks administered by the defendant were a cause of the victim's death and that they were delivered with extreme atrocity and cruelty. The evidence presented at trial was also sufficient for the jury to find the defendant guilty as a joint venturer. See *Commonwealth* v. *Cowels*, *ante* 279, 285-286 (1997). The judge properly denied the defendant's motion for a required finding of not guilty.

ing his closing argument, the prosecutor kicked a trash can and the jury box and made stabbing motions with a ruler. Many of the same comments made by the prosecutor, and his demonstrations before the jury, were argued to be improper by the defendants in *Commonwealth* v. *Barros, supra* at 580-582, and for the reasons discussed in that opinion, we discern no basis for granting the defendant a new trial. For the most part, the prosecutor's closing argument stayed within the boundaries of the evidence and reasonable inferences that could be drawn therefrom and did not unfairly attempt to persuade the jury to convict the defendant based on irrelevant reasons or out of sympathy for the victim.[4]

3. *Intoxication instruction.* The judge gave the following instruction on intoxication:

> "Now, in this particular case you heard evidence about alcohol consumption and drug consumption. You, the jury, may consider credible evidence of the effects of a defendant's consumption of drugs, and/or alcohol in deciding whether the Commonwealth has met its burden of proving a defendant's state of mind and intent beyond a reasonable doubt.

> "Whenever the Commonwealth must prove a defendant's intention to do something, an intention to deliberately premeditate, an intention to kill, cause grievous bodily harm, or to commit an act which in the circumstances known to him would create a plain and strong likelihood that death would follow the contemplated act, when the Commonwealth has to prove those things, or when the Commonwealth has to prove the defendant is aware that the battery that he's committing is a life endangering assault and battery, you consider all the circumstances which bear upon a person's intent, including any credible

---

[4]The defendant also argues that the prosecutor engaged in a pattern of misconduct by repeatedly asking improper questions that contained suggestions for answers. We have examined the transcript references provided by the defendant. We agree with the judge, who also considered the argument in connection with the defendant's motion for new trial, that the prosecutor's use of leading or inartful questions on several occasions in the course of a lengthy trial could not have prejudiced the defendant. In particular, we conclude that no prejudice occurred in the prosecutor's questioning of the medical examiner as to the cause of the victim's death.

evidence of the effect on a defendant of his consumption of alcohol or drugs, or alcohol in combination with drugs."

The defendant argues that a new trial is required because the instruction "did not specifically articulate that voluntary consumption of alcohol could negate the specific intent to kill required to find malice or could negate [the defendant's] ability to act with extreme atrocity or cruelty." The defendant's objections to the intoxication instruction consisted of a further request that "the Court specifically instruct [on] the effect of intoxication upon the perceptions of [the defendant] in determining whether or not [James] Villaroel was the subject of an assault." For the reasons stated in *Commonwealth* v. *Barros, supra* at 577-579, we conclude that the intoxication instruction does not provide a basis for the grant of a new trial.[5]

4. *Assistance of trial counsel.* The defendant argues that his trial counsel was ineffective because he failed after the return of the jury's verdicts (a) to request an evidentiary hearing prior to sentencing; (b) to renew the prior motion for required findings of not guilty; and (c) to file a motion seeking the entry of a finding of a lesser degree of guilt on the first degree murder charge. (The latter two motions, had they been brought, would have been filed pursuant to Mass. R. Crim. P. 25 [b] [2], 378 Mass. 896 [1979]). We examine these contentions under the standard set forth in *Commonwealth* v. *Wright*, 411 Mass. 678, 682 (1992). They lack merit.

The defendant's conviction of murder in the first degree required the imposition of a life sentence without the possibility of parole, so any motion for an evidentiary hearing would have been nugatory. See G. L. c. 265, § 1; *Osborne* v. *Commonwealth*, 378 Mass. 104, 115 n.9 (1979). Any renewal of the motion for required findings of not guilty would have been similarly futile because the Commonwealth's evidence, as has been discussed, was sufficient to warrant the defendant's convictions. The argument concerning a motion seeking a reduction in the degree of guilt would have addressed the sufficiency of the Commonwealth's evidence to establish the defendant's

[5]The judge was not required to reinstruct on intoxication when he responded to the jury's request during deliberations for reinstruction on malice aforethought. It also was not improper for the judge to instruct the jury that, in considering whether the defendant acted with extreme atrocity or cruelty, they, the jury, represented the conscience of the community. See *Commonwealth* v. *Barros, ante* 572, 585 (1997).

participation in the fatal attack, a point that has already been decided adversely to him, and otherwise would have sought an exercise of discretion by the judge, on a basis comparable to the power possessed by this court under G. L. c. 278, § 33E, to find a lesser degree of guilt. See *Commonwealth* v. *Gaulden,* 383 Mass. 543, 555-557 (1981). The judge's memorandum of decision on the defendant's posttrial motion properly indicates that he would not have acted favorably to the defendant. Indeed, it would have been abuse of discretion on the judge's part to have overridden the jury's verdict on the murder charge and to have entered a finding of a lesser degree of guilt.

5. *Motion for a new trial.* The judge properly declined to conduct an evidentiary hearing on the motion for new trial. The affidavits filed by the defendant to support the motion raised no substantial issue that called for an evidentiary hearing, and the judge's memorandum of decision correctly decided all of the points raised by the defendant.

6. *General Laws c. 278, § 33E.* We have considered the entire record pursuant to our obligation under G. L. c. 278, § 33E. The jury, on sufficient evidence, found that the defendant had knowingly participated in the brutal and senseless killing of Charleston Sarjeant. That conclusion was for the jury, and it is not one to be set aside or altered under § 33E.

*Judgments affirmed.*

*Order denying posttrial motion affirmed.*